UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------
JOHN P. RAYCHEL,

                 Plaintiff,

      -against-

CAPITAL MANAGEMENT SERVICES, L.P.

                 Defendant.
------------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff JOHN P. RAYCHEL ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant CAPITAL MANAGEMENT SERVICES, L.P. ("Defendant" and/or "CMS"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1.     Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.     Plaintiff is a resident of the State of New Jersey, residing at 15 Cedar Hill Dr. West Creek, NJ 08092-3142.

3.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4.      Defendant CMS is a New York limited partnership engaged in the business of collecting debts with its principal place of business located at 726 Exchange Street, Suite 700, Buffalo, NY 14210.

5.      CMS is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7.      The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10.     On information and belief, on a date better known to the Defendant, CITIBANK, N.A., either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to CMS for collection ("the alleged debt").

11.     The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12.     On or about September 24, 2011, Defendant placed a telephone call to Plaintiff in an attempt to collect the alleged debt and at that time left a voice mail message.

13.     Defendant's voicemail message identified CMS as a "debt collector" and that any information obtained will be used for the purpose of collecting the alleged debt from Plaintiff.

14.     Defendant disclosed to Plaintiff's girlfriend Joyce Blazer, an unauthorized third party, CMS's identity as a debt collector attempting to collect the alleged debt from Plaintiff.

15.     Defendant violated 15 U.S.C. §1692b and §1692c(b) prohibiting third party disclosure when Plaintiff's girlfriend Joyce Blazer heard the Defendant's voicemail message disclosing CMS's identity as a debt collector and that Plaintiff was being contacted by CMS in an attempt collect the alleged debt.

16.     Defendant's actions caused the Plaintiff deep embarrassment and emotional stress when Plaintiff's girlfriend Joyce Blazer inquired as to why Plaintiff was receiving phone calls from a debt collection company, who CMS is, why CMS calls and if Plaintiff is in serious trouble all in violation of 15 U.S.C. §1692b and §1692c(b); §1692e-preface and (10) and §1692f-preface.

17.     Defendant placed repeated calls to Plaintiff in an attempt to collect the alleged debt.

18.     Upon information and belief, Defendant places daily calls and at times multiple calls each day to Plaintiff in an attempt to collect the alleged debt.

19.     Defendant's repeat calls were abusive, harassing, deceptive, and very irritating.

20.     On or about October 7, 2011, Plaintiff's attorney Allison Polesky sent a letter of attorney representation to Defendant which was confirmed received.

21.     Defendant had knowledge or reason to know that Plaintiff was represented by an attorney.

22.     Despite having knowledge or reason to know that Plaintiff was represented by an attorney, Defendant continued its attempts at contacting Plaintiff.

23.     Where Defendant, a debt collector, knows Plaintiff is represented by an attorney with respect to the alleged debt and has knowledge of, or can readily ascertain, such attorney's name and address, Defendant must not initiate direct communication with Plaintiff.

24.     Despite being with knowledge or reason to know that Plaintiff was represented by an attorney, Defendant continued placing repeated calls to Plaintiff.

25.     Defendant's actions were abusive, harassing, deceptive, unfair and irritating.

26.     Defendant utilizes a deceptive and misleading means to collect the alleged debt.

27.     Defendant utilizes an unfair and unconscionable means to collect the alleged debt.

28.     Defendant violated 15 U.S.C. §1692c(a)(2).

29.     Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendant's actions.

30.     Defendant violated the FDCPA.

31.     Due to the Defendant's gross violations of the FDCPA, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33.     Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

a.  15 U.S.C. §1692b.

b.  15 U.S.C. §1692c(a)(2).

b.  15 U.S.C. §1692c(b).

c.  15 U.S.C. §1692e-preface, and (10).

d.  15 U.S.C. §1692f-preface.

34.  As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JOHN P. RAYCHEL demands judgment from the Defendant CAPITAL MANAGEMENT SERVICES, L.P. as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.  For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k(2)(A);

C.  For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

D.  For any and all attorneys' fees, filing fee, service of process fee and other costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

E.  Nominal damages;

F.  A declaration that the Defendant's practices violated the FDCPA;

G.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JOHN P. RAYCHEL hereby respectfully requests a trial by jury for all claims

and issues in this action to which he is or may be entitled to at a jury trial.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I hereby certify to my own knowledge and based upon information available to me at my office and pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Dated:         November 1, 2011

Respectfully submitted,

By:_____

Eric M. Milner, Esq., Of Counsel (EM8232)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:    (866) 479-9500
Facsimile: (866) 688-4300
Attorney for the Plaintiff JOHN P. RAYCHEL